Case 5:09-cv-01045-IPJ   Document 12   Filed 12/16/09   Page 1 of 4

FILED
2009 Dec-16 PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SANDRA FAY JONES,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 09-J-1045-NE |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | |

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff's current application is for Supplemental Security Income, asserting she is unable to work due to ongoing pain and injuries from a motor vehicle accident in 2003 (R. 105, 110). The plaintiff's previous applications for benefits were denied by an Administrative Law Judge (ALJ) on October 25, 2005, and that decision was affirmed by the United States District Court for the Northern District of Alabama on July 8, 2008 (CV 07-LSC-726-NE). Thus, the only relevant time period before the ALJ on this application and before this court is the period after October 25, 2005.

The plaintiff's current application for benefits was denied initially (R. 55) and again by an ALJ on January 18, 2008 (R. 25-35). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 4-6).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).  The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See id*, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ's physical and mental RFC findings were not based on substantial evidence.  Specifically, the plaintiff faults the ALJ for failing to include the plaintiff's left heel injuries, sustained in 2003, as a severe impairment.  Plaintiff's memorandum, at 6.  At the time of the accident, the plaintiff's left heel was found to have been "shattered" (R. 290).  However, the medical records reflect that within six months of the accident, the plaintiff was fully weight bearing on her left leg, although favoring the heel and attributing the majority of her pain to it (R. 177).  In 2004 the plaintiff received physical therapy for her left ankle, which she reported as decreasing her pain in her left foot, although there was still swelling (R. 287).  In March 2004 the plaintiff declared herself pain free although she was noted to still have a limp (R. 288, 289).

In 2005 the plaintiff was taking Tylenol and Advil as needed due to significant pain in her left foot (R. 181).  A nurse practitioner noted that the plaintiff was unable to afford medication due to a lack of insurance and gave her samples of Celebrex (R. 181).  Her left foot was noted to be "quite swollen" (R. 181). At a April 2006 physical consultative examination, the plaintiff was noted to limp on the left leg with a slow gait (R. 198).  Her

range of motion in the left ankle was limited and she was noted to roll her left foot somewhat inward (R. 198).  However, she reported to the consultative examiner that she could sit without limitation, could stand for an hour and could walk one-half mile slowly (R. 197). Although the plaintiff was able to squat half-way, she was not able to walk on tiptoes because of ankle pain (R. 198).  When asked about her left foot at the 2007 hearing, the plaintiff responded by talking about her wrists and leg (R. 329-330).  She then stated that her left foot hurt all the time (R. 331).  She testified that she just tries to stay off her foot and spends six or six and a half hours a day in a recliner (R. 332).

The court finds the plaintiff's testimony that she has to stay off her foot most of the day is contradicted by her statements to Dr. Gill as well as her own report of daily activities, which include attending school field trips, cleaning and cooking, shopping unassisted, and going to the bank, grocery store, doctor, and power company[1] (R. 130-132).  The ALJ noted the left heel injury, but further noted a lack of any continuing treatment records with regard to the plaintiff's left heel (R. 29-30).  In consideration of the foregoing evidence, the court finds no error in the ALJ's failure to include left heel injuries from 2003 as a "severe impairment."

The plaintiff also asserts that the ALJ erred in her mental RFC findings because they conflicted with the findings of psychologist Dr. Rogers, whom the plaintiff saw on a consultative, one time basis.  Plaintiff's memorandum, at 7.  The ALJ did consider the opinion of the consultative psychologist, but found his diagnosis of mild mental retardation inconsistent with plaintiff's expansive work history, her own reported wide range of

---

[1] The court further notes the plaintiff's testimony of disabling pain in her wrists is contradicted by her report that she cross-stitches (R. 131, 330-331).

activities, and the other objective evidence of record (R. 30-31). The ALJ is under no obligation to accept the specific functional limitations set forth by a consultative psychologist, especially where, as here, they are not supported by the record as a whole. The record demonstrates that while the plaintiff has limitations, she failed to establish that he has any limitation which prevents her from performing all substantial gainful employment. *See Powell o/b/o Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir.1985) (stating that the plaintiff retains the ultimate burden of proof of disability).

Without substituting its judgment for that of the ALJ, this court cannot find that the ALJ committed reversible error in any of his determinations. The court has considered the record and the briefs of the parties. Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 15th day of December, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE